UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID EMERSON, Individually and On Behalf of All Others Similarly Situated,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>FRAZEE INDUSTRIES, INC.,<br><br>　　　　　　Defendant. | Civil No. 13cv2816 L (BLM)<br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br>**[ECF No. 43]** |

This matter came on for hearing on December 15, 2014. Derek Emge, counsel for plaintiff, and Jody Landry, counsel for defendant appeared. The Court has reviewed the unopposed motion for preliminary approval of the class action settlement and the proposed Settlement Agreement.

**I.   BACKGROUND**

This action involves hourly employees of defendant Frazee Industries, Inc., through its successor by merger, The Sherwin-Williams Company and Consorcio Comex S.A. de C.V. (collectively "Frazee"). Plaintiff filed this class action in the Superior Court of the State of California, in and for the County of San Diego on October 24, 2013. Defendant removed the action on November 26, 2013. The complaint contains five causes of action for failure to provide meal periods, to provide and maintain employee uniforms, and to provide accurate itemized wage states for 911 California employees between August 2, 2011 and December 31, 2013. An

amended complaint was filed on February 12, 2014 and a second amended complaint was filed on July 24, 2014, which added a cause of action under the Private Attorneys General Act of 2004 ("PAGA")

Magistrate Judge Barbara L. Major convened a Mandatory Settlement Conference on August 11, 2014. The case tentatively settled but some additional terms needed resolution. On August 22, 2014, during a Case Management Conference, the parties advised the Court that a proposed class-wide settlement had been reached. The parties now seek (1) provisional Class Certification; (2) Preliminary Approval of the Settlement; (3) approval of the method and form of the Notice to the Class; (4) the appointment of Class Counsel; (5) the appointment of plaintiff as Class Representative; (6) approval of the proposed schedule for dissemination of notice to the class members as well as deadlines for class members to opt-out or object to the Settlement; (7) the setting of the deadline for motion for attorneys' fees; and (8) the scheduling of the Final Fairness Hearing.

## II. LEGAL STANDARD RE: PRELIMINARY APPROVAL OF CLASS SETTLEMENT

A class action may not be settled without court approval. FED. R. CIV. P. 23(e). When the parties to a putative class action reach a settlement agreement prior to class certification, "courts must peruse the proposed compromise to ratify both the propriety of the certification and the fairness of the settlement." *Staton v. Boeing Co.*, 327 F.3d 938, 952 (9th Cir. 2003). At the preliminary stage, the Court must first assess whether a class exists. *Id.* (citing *Amchem Prods. Inc. v. Windsor*, 521 U.S. 591, 620 (1997)). Second, the court must determine whether the proposed settlement "is fundamentally fair, adequate, and reasonable." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998). This includes an examination and balancing of multiple factors, including but not limited to:

> the strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed, and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement.

*Id.*

If the court preliminarily certifies the class and finds the proposed settlement fair to its members, it then appoints a class representative and class counsel. Rule 23(e)(1) requires the court to take certain steps to ensure proper administration of the settlement, including "direct[ing] notice in a reasonable manner to all class members who would be bound by the proposal."

If all these aspects are determined to be reasonable, the court schedules a fairness hearing where it will make a final determination of the class settlement. *Okudan v. Volkswagen Credit, Inc.*, No. 09–CV–2293–H (JMA), 2011 U.S. Dist. LEXIS 84567, at *6 (S.D. Cal. Aug. 1, 2011).

## III. PROVISIONAL CERTIFICATION OF THE CLASS

Before granting preliminary approval of a class action settlement agreement, the Court must first determine whether the proposed class can be certified. *Amchem Prods. v. Windsor*, 521 U.S. 591, 620 (1997) (indicating that a district court must apply "undiluted, even heightened, attention [to class certification] in the settlement context" in order to protect absentees).

Plaintiff seeks provisional certification of two classes under Federal Rules of Civil Procedure 23(a) and 23(b)(3).

The proposed settlement classes are defined as:

> **All non-exempt employees who are or have been employed by Frazee Industries, Inc. in the State of California at any time from August 2, 2011, through December 31, 2013. (The California Claim Class).**
>
> . . .
>
> **All non-exempt employees who are or have been employed by Frazee Industries, Inc. in the State of California at any time from October 24, 2012, through December 31, 2013. (The PAGA Claims Class).**

In order to obtain certification of a class action, plaintiff must provide facts in support of the four requirements of Rule 23(a): (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation. *Dunleavy v. Nadler* (*In re Mego Fir. Corp. Sec. Litig.*), 213 F.3d 454, 462 (9th Cir. 2000) (internal quotations omitted). These requirements effectively "limit the class claims to those fairly encompassed by the named plaintiff's claims." *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 155 (1982) (quoting *Califano v. Yamasaki*, 442 U.S. 682, 701 (1979)). In

addition to the Rule 23(a) requirements, the party seeking certification bears the burden of meeting at least one requirement of Rule 23(b). *Id.* at 580.

Here, plaintiff seeks certification under Rule 23(b)(3) which provides that a class may be certified, if "the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 944 (9th Cir. 2009)(quoting FED. R. CIV. P. 23(b)(3)).

In analyzing whether a plaintiff has met his burden to show that the above requirements are satisfied, a court is to "analyze[ ] the allegations of the complaint and the other material before [the court]," *i.e.,* "material sufficient to form reasonable judgment on each [Rule 23] requirement." *Blackie v. Barrack*, 524 F.2d 891, 900-01 (9th Cir. 1975) (noting further that a court is to take the substantive allegations in the complaint as true). "As the party seeking class certification, [plaintiff] bears the burden of demonstrating that she has met *each* of the four requirements of Rule 23(a) and at least one of the requirements of Rule 23(b)." *See Zinser v. Accufix Research Inst.*, 253 F.2d 1180, 1186 (9th Cir. 2001).

**A.   Rule 23(a) Factors**

    **1.   Numerosity**

There are several factors a court may consider in determining whether a plaintiff has satisfied the numerosity requirement. First, a court may consider whether the size of the class warrants certification. *Gen. Tel. Co. of the Northwest, Inc. v. E.E.O.C.*, 446 U.S. 318, 330, 100 S. Ct. 1698 (1980)."Although the absolute number of class members is not the sole determining factor, where a class is large in numbers, joinder will usually be impracticable." *Jordan v. Los Angeles County,* 669 F.2d 1311, 1319 (9th Cir.1982) *vacated on other grounds* 459 U.S. 810 (1982). Here, the two classes include 911 members, a significant number that would make joinder impracticable. The numerosity prong has been met.

    **2.   Commonality**

Rule 23(a)(2) requires that questions of law or fact be common to the class.  "A class has sufficient commonality 'if there are questions of fact and law which are common to the class.'"

FED. R. CIV. P. 23(a)(2). The commonality preconditions of Rule 23(a)(2) "are less rigorous than the companion requirements of Rule 23(b)(3)." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998).

In this action, all of the claims asserts arise from common facts. For example, Frazee had a common, written meal period policy and a common practice of scheduling meal periods. It also had a written policy requiring employees to purchase uniforms of a particular style and color. The claims of all class members are based upon the same California employment laws. The Court finds the commonality prong has been satisfied.

### 3. Typicality

In order for a class representative to satisfy the typicality requirement of Rule 23(a), he must show that his claims do "not differ significantly from the claims or defenses of the class as whole." *In re Computer Memories*, 111 F.R.D. 675, 680 (N.D. Cal. 1986). "The purpose of the typicality requirement is to assure that the interest of the named representative aligns with the interests of the class." *Hanon*, 976 F.2d at 508. The class representative's claims and the claims of the class must arise from the same events or course of conduct and must be based on the same legal theory. *In re United Energy Corp. Solar Power Modules Tax Shelter Invs. Sec. Litig.*, 122 F.R.D. 251, 256 (C.D. Cal.1988). The test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.

Here, Frazee's employment practices concerning meal periods and failure to provide reimbursement for required uniforms were applicable to all 911 California employees. The Class Representative and the other Class members suffered the same type of injury and the Class Representative's claims are reasonably co-extensive with those of absent class members. Plaintiff has satisfied the typicality prong.

### 4. Adequate Representation

Rule 23(a) requires that "the representative parties will fairly and adequately protect the interests of the class." FED. R. CIV. P. 23(a)(4). "To satisfy constitutional due process concerns, absent class members must be afforded adequate representation before entry of a judgment

which binds them." *Hanlon*, 150 F.3d at 1020 (citing *Hansberry v. Lee*, 311 U.S. 32, 42-43 (1940)). "Resolution of two questions determines legal adequacy: (1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Id.*

### a. Class Representative and Class Counsel

Plaintiff asserts he is able to fairly and adequately protect the interests of the members of the class in that there are no irreconcilable conflicts with or interests materially antagonistic to those of the other class members. Also, plaintiff retained as counsel, Derek J. Emge and Suzanne Emge, Emge & Associates, who are experienced in the prosecution of wage and hour class actions and who have been appointed previously as adequate class counsel. Plaintiff has satisfied the adequate representation prong

Based on the foregoing, the Court finds plaintiff has met his burden of demonstrating that he has met each of the four requirement of Rule 23(a).

### B. Rule 23(b)(3) Factors

Rule 23(b)(3) requires that questions of law or fact common to the members of the class "predominate" over questions affecting only individual members, and that a class action is "superior to other available methods for the fair and efficient adjudication of the controversy." FED. R. CIV. P. 23(b)(3).

The predominance standard of Rule 23(b)(3) requires a stronger showing by plaintiffs than Rule 23(a)'s commonality standard. "The Rule 23(b)(3) predominance inquiry tests whether [the] proposed class [is] sufficiently cohesive to warrant adjudication by representation." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623 (1997). "Rule 23(b)(3) focuses on the relationship between the common and individual issues." *Hanlon*, 150 F.3d at 1022.

Here, the legal and factual issues are common to all members of the proposed Class. As noted by plaintiff, the issues are common to all 911 employees – all class members were subjected to a company policy in a way that gives rise to consistent liability or lack thereof.

Rule 23(b)(3) requires "that a class action [be] superior to other available methods for the

fair and efficient adjudication of the controversy." FED. R. CIV. P. 23(b)(3). Courts consider four non-exclusive factors in determining whether the class action is a superior device. These factors include: 1. the interest of class members individually controlling the prosecution or defense of separate actions; 2. the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; 3. the desirability of concentrating the litigation of the claims in this particular forum; and 4. the manageability of the action as a class. FED. R. CIV. P. 23(b)(3); *Amchen Prods. Inc. v. Windsor*, 521 U.S. 591, 615-16 (1997).

Certification of the core issues in this case is a superior method of adjudicating the controversy involving potentially 911 individual lawsuits for damages and most individual claims would not be economically feasible for most of the individuals.

Because the plaintiff has successfully demonstrated he has met each of the four requirements of Rule 23(a) and at least one of the requirements of Rule 23(b), the Court will provisionally certify the class.

## IV. PROPOSED SETTLEMENT

Under the terms of the complete class-wide settlement, Frazee will pay into a common fund $2,200,000. The non-reversionary settlement has as average value – after the payment of attorneys' fees and costs – of $1,569 per employee. The allocations are based on those who worked the longest during the class will be entitled to a greater share of the settlement than those who worked for a shorter period.[1]

The parties also settled the PAGA claim for $100,000, which is part of the total settlement amount. The employee's share of the PAGA payment (25% or $25,000) will be allocated to class members based on the number of weeks worked by each member during the PAGA Claims Class period of October 24, 2012 through December 31, 2013.

---

[1] The formula for determining class member allocations is as follows: 1. the NET SETTLEMENT AMOUNT (the settlement fund, less fees, costs, PAGA penalties and the class representative incentive award) is divided by the total number of weeks worked by all class members who do not opt out to determine the Weekly Payout Amount; 2. Each class member's total number of workweeks will be multiplied by the Weekly Payout Amount to determine their individual share of the SETTLEMENT.

Each participating class member will receive a minimum settlement share of no less than $50.

Of import, class members do not need to take any affirmative steps to receive their share of the settlement proceeds and 100% of the settlement proceeds will be distributed.

Defendant Frazee does not contest any of the following requests by plaintiff and each appears reasonable. Class counsel seeks:

1. Attorneys' fees of up to $660,000 (30% of the common fund) and litigation expenses up to $20,000;

2. An incentive award to the Class Representative of $5,000;

3. The approval of Dahl Administration to act as the settlement administrator;

4. Approval of $10,931 to be paid from the common fund for the costs of administration.

After the various amounts are combined, the net settlement to be allocated to the 911 class members will be approximately $1,429,069.

In exchange for the settlement amount, a release of defendant from all claims for wages, statutory and civil penalties, damages and liquidated damages, interest, fees and costs that arise out of the allegations in the complaint during the applicable class period is included.

**V. Preliminary Approval Inquiry**

Under Rule 23(e), the court must examine the proposed settlement and make a preliminary finding of fairness. A class action settlement may be approved only based on a finding that the settlement is "fair, reasonable, and adequate." FED. R. CIV. PROC. 23(e)(1)(C). The burden to demonstrate fairness falls upon the proponents of the settlement. *Staton*, 327 F.3d at 959; *see also Officers for Justice v. Civil Svc. Comm'n. of the City and County of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982). The relevant factors for consideration include: (1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed; (6) the stage of the proceedings; and (7) the experience and views of counsel. *Staton*, 327 F.3d at 959. "[S]ettlement approval that takes place prior to formal class certification requires a higher standard of

fairness." *Hanlon*, 150 F.3d at 1026.

In the present case, the Court finds that the proposed settlement is fair and reasonable based on the following facts. Plaintiff engaged a certified public accountant who conducted a comprehensive analysis of 52,000 time records which showed an extensive number of meal period violations – approximately 58.8% of all work shifts that required a meal period reflected a missed, late or short meal period. He also estimated the value of the uniform reimbursement claim. The amounts are consistent with the $2,200,000 settlement amount.

Significant discovery has occurred in this case. Defendant provided 52,000 time records; the parties engaged in discovery of written policies and other documents; deposition testimony of the Class Representatives and Frazee's 30(b)(6) witnesses.

The settlement represents a compromise of the parties based on the perceived strengths and weaknesses of their respective positions. A major risk to plaintiff was that class certification was not guaranteed based on recent case law that distinguishes situations with multiple stores and multiple levels of managements as being inappropriate for certification.

Magistrate Judge Barbara Major was instrumental in assisting the parties to reach settlement. And plaintiff's counsel has recommended accepting the settlement.

The Class Members will each receive a significant amount of money without the need to make a claim. All funds, after expenses, will be provided to the class.

The Release is not over broad in that it encompasses only those claims asserted in the Second Amended Complaint.

### VI.   NOTICE TO CLASS AND SETTLEMENT ADMINISTRATION

Rule 23(c) (2)(B) requires "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Rule 23(e)(1) requires reasonable notice to all class members who would be bound by the proposed settlement. The notice must explain in easily understood language the nature of the action, definition of the class, class claims, issues and defenses, ability to appear through individual counsel, procedure to request exclusion, and the binding nature of a class judgment. FED. R. CIV. P. 23(c)(2)(B).

Here, the proposed Notice describes in relatively simple terms the nature of the action, summarizes the terms of the settlement, identifies the class and provides instruction on how to opt out, and the fees and expenses that will be paid to Plaintiffs' counsel and the claims administrator, among others. Notice will only be given by United States Postal Service First Class Mail. This seems reasonable given that defendants have the names and addresses of the class members. If mail is returned, there is a plan for obtaining address changes.

The parties have agreed to the minor changes suggested by the Court at the hearing and to the amended dates leading to the proposed Final Fairness hearing.

## VII.  CONCLUSION

Having considered all the information provided by the parties and having reviewed the Settlement Agreement, and Notice to the Class, **IT IS ORDERED:**

1. The two classes are preliminarily certified;

2. The proposed settlement is fundamentally fair, adequate, and reasonable;

3. David Emerson is preliminarily approved as the Class Representative and who will be entitled to a $5,000 incentive award;

4. Derek Emge and Suzanne Emge of Emge & Associates are preliminarily approved as Class Counsel;

5. The method and form of the Notice, as amended, is approved;

6. The time line for notice to the class members and associated actions is approved as follows:

| EVENT | DATE |
| --- | --- |
| Frazee provides Settlement Administrator with names, addresses and last known mailing addresses of all potential class members | **JANUARY 4, 2015** |
| Deadline for Settlement Administrator to mail Notice to all potential class members | **FEBRUARY 4, 2015** |
| Deadline for plaintiff to file motion for attorneys' fees and costs | **FEBRUARY 4, 2015** |

| Deadline for class members to submit requests for exclusion or objections to the Settlement or motion for attorneys' fees | **MARCH 23, 2015** |
|---|---|
| Settlement Administrator notifies the parties of all class members who requested exclusion or object to the Settlement | **APRIL 20, 2015** |
| Plaintiff to file supplemental briefs in support of final approval of settlement and motion for attorneys' fees and costs | **APRIL 20, 2015** |
| **FINAL FAIRNESS HEARING** | **MAY 4, 2015 at 10:30 a.m.**<br>**Schwartz Courthouse, Courtroom 5B** |

7. The unopposed motion for preliminary approval of the Class Action Settlement is **GRANTED.**

**IT IS SO ORDERED.**

DATED: December 15, 2014

_____
M. James Lorenz
United States District Court Judge

COPY TO:

HON. BARBARA L, MAJOR
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL